# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-773

**SUCCESSION OF**

**TED WAYNE COX, SR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. P-2-2021
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.

**AFFIRMED.**

**Michael J. Daspit**
**Daspit Law Office, APLC**
**107 East Claiborne Street**
**Saint Martinville, LA 70582**
**(337) 394-3290**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lenor Broussard Cox**

**James F. DeRosier**
**DeRosier Law Firm, LLC**
**125 West School Street**
**Lake Charles, LA 70605**
**(337) 474-0820**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Ted Wayne Cox, Jr.**
    **April Cox**

**WILSON, Judge.**

This case centers around an amendment to The Ted Wayne Cox, Sr. Irrevocable Trust (The Trust). Defendant, Lenor Broussard Cox (Mrs. Cox), appeals the judgment of the trial court in favor of Plaintiffs, Ted Wayne Cox, Jr. and April Ann Cox, declaring the October 23, 2014 amendment invalid due to undue influence exerted by Mrs. Cox. For the reasons expressed below, we affirm the judgment of the trial court.

I.

## ISSUES

In this appeal we must decide:

(1)        whether the trial court erred in finding that Appellees proved undue influence by clear and convincing evidence;

(2)        whether the trial court erred in ruling that Appellant file a written inventory of all assets owned or possessed by decedent Cox on the date of his death;

(3)        whether the trial court erred in ruling that Appellant execute authorizations for the release of financial information to Appellees;

(4)        whether the trial court erred in annulling an act of transfer by Appellant executed on November 19, 2020;

(5)        whether the trial court erred in nullifying all alienations made by Appellant of assets belonging to decedent Cox, his estate, or trust; and

(6)        whether the trial court erred in removing Appellant as trustee of The Ted Wayne Cox, Sr. Irrevocable Trust.

II.

## FACTS AND PROCEDURAL HISTORY

Decedent, Ted Wayne Cox, Sr., died testate on January 16, 2020. At the time of his death, he was married to Lenor Broussard Cox. He had two children, Ted Wayne Cox Jr., and April Cox. On March 19, 2013, Mr. Cox executed three documents: a notarial testament leaving all personal effects and vehicles to Mrs. Cox; a trust named The Ted Wayne Cox, Sr. Irrevocable Trust, which listed Mrs. Cox, Mr. Cox's children, and his grandchildren as successor income beneficiaries and principal beneficiaries of certain immovable property and assets; and a power of attorney naming Mrs. Cox as his agent.

The trust was amended on October 23, 2014, to name Mrs. Cox as sole income and principal beneficiary of all assets belonging to the trust.

On January 7, 2021, Plaintiffs filed a petition to open succession, set hearing to have will and trust produced, freeze assets of trust, and appoint co-executors. They alleged that Mrs. Cox breached her fiduciary duties as trustee of the trust and requested that the court grant an injunction to freeze trust assets. A supplemental and amending petition, order, and motion to refix was filed on January 11, 2021.

On February 17, 2021, the court issued an order granting a temporary preliminary injunction. On February 19, 2021, Mrs. Cox filed her answer and asserted several exceptions including no cause of action and no right of action. She argued that as non-heirs Plaintiffs were not entitled to inspect the will or trust documents. The exceptions were heard and denied on March 16, 2021.

On April 7, 2021, Mrs. Cox filed a motion to reconsider, or in the alternative, a motion for a new trial. The motion was denied on April 8, 2021. On June 25, 2021, Mrs. Cox filed a petition to be appointed executrix of the succession estate. On November 2, 2021, the trial court ruled that Mrs. Cox be confirmed as succession executrix and ordered that Mrs. Cox turn over and deliver savings bonds in the names of Wayne and April and/or any of their minor children.

2

On May 2, 2022, Plaintiffs filed a new petition alleging that the 2014 amendment to the trust was procured by Mrs. Cox's undue influence. They argued that the amendment should be declared null, the act of transfer dated November 19, 2020, should be reversed, Mrs. Cox should return any trust assets disposed of, and Mrs. Cox should be removed as trustee.

A three-day bench trial was held from February 1, 2023, to February 3, 2023, and the trial court took the matter under advisement. On April 5, 2023, the trial court issued written reasons for ruling finding that "absent Lenor's undue influence, Ted Sr. would not have made these decisions on his own and that Lenor substituted her wishes for those of Ted Sr."

A written judgment was signed on May 31, 2023. The trial court ruled that: (1) the amendment to The Ted Wayne Cox, Sr. Irrevocable Trust executed on October 23, 2014, was invalid due to the undue influence exerted by Mrs. Cox and that the original trust document executed on March 19, 2013, is the valid trust instrument; (2) Mrs. Cox provide a written inventory, along with locations and values, of all assets contained within the trust or owned/possessed by Mr. Cox on the date of death; (3) Mrs. Cox, as executrix of her husband's estate, execute any and all authorizations sought by Plaintiffs for the release of financial information of Mr. Cox, his estate or the trust; (4) the act of transfer executed on November 19, 2020, by Mrs. Cox, wherein she transferred five immovable properties from the trust to herself, be annulled and all of its effects reversed; (5) all other alienated assets of Mr. Cox or The Trust be returned to The Trust and disbursed according to its original terms; and (6) Mrs. Cox be removed as trustee and her daughter, Lenzie Beth Dupuis, be appointed as sole trustee.

On June 5, 2023, counsel for Mrs. Cox filed a motion to enroll and application for new trial. The new trial motion was heard by the court on August 22, 2023, and

denied. Mrs. Cox filed a motion for appeal on September 21, 2023, and a judgment granting a suspensive appeal was signed on September 22, 2023. A consent judgment was signed on December 12, 2023, ordering that this matter proceed as a devolutive appeal.

III.

## STANDARD OF REVIEW

Whether Mr. Cox was subject to undue influence is a finding of fact and subject to the manifest error standard of review. *In re Succession of Lounsberry*, 01-1664 (La.App. 3 Cir. 5/8/02), 824 So.2d 409, *writ denied*, 02-2000 (La.10/25/02), 827 So.2d 1163. Under the manifest error standard, the issue is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one after reviewing the record in its entirety. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). "When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of fact's findings." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

IV.

## LAW AND DISCUSSION

In her first assignment of error, Mrs. Cox asserts that the trial court erred in finding that Plaintiffs proved undue influence by clear and convincing evidence.

Louisiana Civil Code Article 1479, titled "Nullity of donation procured through undue influence," provides:

> A donation *inter vivos* or *mortis causa* shall be declared null upon proof that it is the product of influence by the donee or another person that so impaired the volition of the donor as to substitute the volition of the donee or other person for the volition of the donor.

4

Louisiana Civil Code Article 1483 determines the burden of proof that Plaintiffs must have shown at the trial level to establish undue influence; it reads:

> A person who challenges a donation because of fraud, duress, or undue influence, must prove it by clear and convincing evidence. However, if, at the time the donation was made or the testament executed, a relationship of confidence existed between the donor and the wrongdoer and the wrongdoer was not then related to the donor by affinity, consanguinity or adoption, the person who challenges the donation need only prove the fraud, duress, or undue influence by a preponderance of the evidence.

Thus, Plaintiffs were required to show by clear and convincing evidence that Mrs. Cox exerted undue influence over her deceased husband, Mr. Cox. "The clear and convincing standard requires a party to prove the existence of a contested fact is highly probable, or much more probable than its non-existence." *Iberia Med. Ctr. v. Ward*, 09-2705, p. 16 (La. 11/30/10), 53 So.3d 421, 432.

Mrs. Cox argues that Plaintiffs failed to satisfy the four-prong test used in *Succession of Reeves*, 97-20 (La.App. 3 Cir. 10/29/97), 704 So.2d 252, *writ granted*, 98-581 (La. 5/1/98), 805 So.2d 185. The court in *Reeves* notes a list of factors the trial court used in determining undue influence. Those factors are:

> (1) Susceptibility—a person who is susceptible of being unduly influenced by the person charged with exercising undue influence.

> (2) Opportunity—The opportunity of the alleged influencer to exercise such influence on the testator.

> (3) Disposition—a disposition—a disposition on the part of the alleged influencer to influence the testator for the purpose of procuring an improper favor either for himself or another.

> (4) Coveted Result—a result caused by, or the effect of, such undue influence.

*Id*. at 257–58.

In her brief, Mrs. Cox explains how Appellees failed to meet each of these factors and asserts that this failure results in a failure to establish undue influence. After reviewing *Reeves*, we disagree with this conclusion. The court in *Reeves* goes

through the four factors because they were utilized by the trial court in that case. However, the court noted that in a case "where a spouse is the recipient of the testator's bounty, these elements are almost totally meaningless in determining whether a person might have exerted undue influence." *Id*. at 259. As such, the court in *Reeves* did not rely on these factors in reaching its conclusion regarding undue influence.

While the four-prong test mentioned in *Reeves* may provide some guidance, the question we must consider is whether the trial court was reasonable in finding that Plaintiffs proved by clear and convincing evidence that Mrs. Cox exerted influence that so impaired the volition of Mr. Cox as to substitute his volition for her own.

In its written reason for judgment, the trial court found,

On the whole, the testimony offered at trial by the witnesses presented a picture of a man who, as a result of illness, began to deteriorate mentally. Ted Sr. had documented problems with his memory and decision-making to such an extent that his doctors recommended that he not make any important decisions on his own. LENOR, as his wife, was well aware of these recommendations as she was present for almost all of his doctor appointments and was told directly that she should use her power of attorney to handle matters that Ted Sr. was not capable of handling. Ted Sr. was susceptible to undue influence due to his illness by anyone, but particularly his wife whom he and his medical providers would naturally assume would be looking out for his best interests. LENOR also had the opportunity as Ted Sr.'s wife to exert her influence over him and any decisions that might need to be made. Because she limited the contact others had with Ted Sr. and monitored the instances when contact was allowed, LENOR was in the best position to influence Ted Sr. Through Mr. Reeves' testimony, it was apparent that LENOR had tried to enlist him to influence Ted Sr. to change his trust to benefit LENOR to the detriment of his children and grandchildren. The amendment was kept secret from WAYNE and APRIL, and they were informed of the changes only after Ted Sr.'s passing. LENOR was successful in her attempts as she eventually became the principal beneficiary of all of Ted Sr.'s assets and even had her children named as heirs to the exclusion of Ted Sr's children and grandchildren.

Consequently, the Court finds that the medical evidence demonstrated that for more than a year prior to the amendment of the

6

trust, Ted Sr. was experiencing problems associated with dementia and difficulty making decisions. LENOR was aware of his condition and began to isolate Ted Sr. from his children and other close friends. LENOR also actively interfered when WAYNE and APRIL were permitted to see their father which led to the deterioration of those relationships. With the deterioration of the relationship with his children, Ted Sr. was influenced by LENOR to cut his children off completely. The Court finds that absent LENOR's undue influence, Ted Sr. would not have made these decisions on his own and that LENOR substituted her wishes for those of Ted Sr.

After reviewing the record in its entirety, we find that the trial court was not manifestly erroneous in finding undue influence.

Plaintiffs presented medical evidence that their father was experiencing problems with his memory and decision-making as far back as 2013. Notably, Mr. Cox suffered a stroke in 2013. He was later diagnosed with dementia and eventually passed away from Alzheimer's. These medical notes suggest that Mr. Cox was susceptible to undue influence at the time of the amendment.

The testimony of all witnesses revealed that Mr. Cox was a family man with a history of providing for his children and helping them when they needed assistance. Witnesses also testified that he would have wanted to continue this support after his death. This fact is evidenced in the original trust document that explained, in great detail, how his children and grandchildren were to be provided for after his death. The amendment, however, resulted in all assets being left to Mrs. Cox, completely excluding Mr. Cox's children and grandchildren. Moreover, if Mrs. Cox predeceased Mr. Cox, her children would inherit instead. Based on the testimony of witnesses, including witnesses presented by Mrs. Cox, this would have been out of character for Mr. Cox.

Mrs. Cox argued that the amendment was not the result of her influence, but rather her husband had grown tired of financially supporting his children. The record is clear that Mr. Cox had a long history of providing for his children financially.

This was true both before and after the original trust document and amendment were enacted. Thus, it seems highly unlikely that this would have caused Mr. Cox to disinherit both his children and grandchildren.

The only support for Mrs. Cox's contention is her own testimony and the testimony of her daughter, Lenzie Beth Dupuis. However, the trial court found that their testimony lacked credibility as both testified that they had attended most of Mr. Cox's doctor's appointment, yet they contended that Mr. Cox was not experiencing any mental problems at the time of the amendment. The submitted medical records contained references to Mr. Cox's mental ability going back as far as 2013. For example, Dr. Melissa Yu's record dated October 9, 2017, indicated that the patient (or his wife) reported the onset of symptoms about four years ago with short term memory loss and difficulty with decision making. It was even recommended to Mrs. Cox by Dr. James Sanders in 2016 that she use her power of attorney and take primary responsibility for financial and medical decisions, yet Mrs. Cox maintained that she did not notice a decline in her husband's mental ability until 2019. Mrs. Cox also testified that she never volunteered information about her husband's relationship with his children to his doctors, but the medical records revealed that she told one doctor that she believed her husband was stressed and depressed because of the relationship with his children and their drug use. Given the great deference afforded the trial court's credibility determinations, we cannot say the trial court erred in finding this testimony lacked credibility.

Mrs. Cox's witnesses did testify to the fact that Plaintiffs were not seen visiting often with their father; however, this fact is in line with Plaintiffs' contentions. Plaintiffs presented testimony that Mrs. Cox made it difficult for friends and family to visit with Mr. Cox and essentially alienated him from his children and grandchildren. Plaintiffs testified that they had to make appointments

8

with Mrs. Cox before seeing their father and those visits were heavily monitored by Mrs. Cox. This resulted in fewer visits. Plaintiffs argued that this alienation created resentment towards them from their father and led to the amendment of the trust. Among this testimony was the testimony of Robert Reeves, a long-time friend of Mr. Cox. Not only did he testify to Mrs. Cox's efforts to alienate Mr. Cox, but he also testified that Mrs. Cox attempted to have him influence Mr. Cox on her behalf regarding his will.

There is nothing in the record that would explain Mr. Cox amending his trust to completely exclude his children and grandchildren other than the undue influence of Mrs. Cox. Any issues Plaintiffs had with finances or drug use were known to Mr. Cox when he enacted the original trust document. If Mr. Cox was concerned about leaving his children a large lump sum of money, this concern was relieved by the trust, which disbursed money over time through a trustee. There is nothing that occurred between the original document and the 2014 amendment that would have led Mr. Cox to disinherit his children and grandchildren. Considering all the evidence, a fact finder could reasonably find that Plaintiffs met their burden by showing that Mrs. Cox alienated Mr. Cox from his children, which resulted in the amendment. Accordingly, we find that the trial court was not manifestly erroneous in finding that Mrs. Cox exerted undue influence and that the 2014 amendment is void.

Mrs. Cox's remaining assignments of error are all contingent upon this court reversing the trial court or remanding the case. As neither has occurred, these assignments are now rendered moot.

V.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant, Lenor Broussard Cox.

**AFFIRMED.**